IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| TAMMI HOGGARD | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CA # 1:22-cv-1013 |
| | ) |
| NEW YORK LIFE | ) |
| INSURANCE COMPANY | ) |
| | ) |
| **Defendant.** | ) |

# COMPLAINT FOR
# DISABILITY BENEFITS UNDER ERISA

## JURISDICTION AND VENUE

1. Plaintiff's claim against Defendant is filed pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* (herein "ERISA").

2. Plaintiff seeks an Order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan. Specifically, the Plaintiff seeks: (a) a declaration and enforcement of rights under the short-term and long-term disability insurance policies at issue and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA), (b) an instatement of benefits, (c) the payment of all back benefits due with pre-judgment and post-judgment interest, (d) the enforcement of rights under the long-term disability insurance policy and/or the employee benefits plan, and (e) the clarification of rights to future benefits under the long-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and (f) an award of attorney's fees and costs.

3. Venue and jurisdiction are proper pursuant to 29 U.S.C. § 1132(f).

## PARTIES

4. Plaintiff is a former employee of Lockheed Martin Corporation ("Employer"). While employed there, and while covered by the Group Disability Plan for employees of The Employer, Plaintiff became disabled as that term is defined by The Plan.

5. The Lockheed Martin Corporation Disability Insurance Plan ("The Plan") is an employee welfare benefit plan established under ERISA.

6. Lockheed Martin Corporation is the Plan Administrator of the Plan.

7. The Plan Administrator is responsible for the actions of each of its fiduciaries and "deemed fiduciaries."

8. New York Life Insurance Company (formerly Cigna Life Insurance Company of North America) was appointed by the Plan Administrator "…as the named fiduciary for adjudicating claims for benefits under the Plan, and for deciding any appeals of denied claims" ("Plan Fiduciary") for the Plan.

## THE EMPLOYEE WELFARE BENEFIT PLAN

9. At all times relevant Plaintiff was employed by the Employer and was a plan participant in the Plan established by The Employer under ERISA.

10. The Plan Administrator has delegated disability claims administration to the Plan Fiduciary.

11. The Employer and New York Life Insurance Company are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g) (1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2) (1999).

12. The Plan Fiduciary is responsible for conducting any ERISA mandated claim evaluation and final review rests with New York Life Insurance Company and with no other entity.

13. The Plan Fiduciary, upon information and belief, has made all decisions regarding Plaintiff's claim for disability benefits in this case.

14. New York Life Insurance Company is fully responsible for the payment of all claims made under the Plan.

## HISTORY OF THE CLAIM

15. Plaintiff worked for the Employer until she became disabled.

16. At all times relevant the Plaintiff has met the Plan's definition of disability.

17. The Plan provides for lost income benefits.

18. Plaintiff timely gave notice of disability and applied for long-term disability benefits under the Plan.

19. On December 14, 2021, the Plan Fiduciary issued an "Adverse Benefit Decision" on Plaintiff's claim for long-term disability benefits under the Plan.

20. Plaintiff filed an appeal of the adverse benefit decision on her long-term disability claim on June 7, 2022

21. On July 14, 2022 New York Life sent a letter, notifying Plaintiff that it was beginning the appeal review on the appeal it received a month earlier.

22. In that letter dated July 14, New York Life said it needed a 45-day extension to review Plaintiff's appeal.

23. New York Life did not identify any special circumstance outside of its control warranting the extension of its deadline.

24. On August 8, 2022, New York Life sent a letter to Plaintiff informing her that it had completed two medical reviews of her file but that "an additional medical [review] was necessary in order to ensure all your client's conditions were considered as a whole."

25. In its letter dated August 8, New York Life did not explain why it did not obtain that "additional medical" review during its initial 45 days or why there were special circumstances warranting an extension of time.

26. On August 23, 2022, New York Life sent Plaintiff a letter notifying her that it had received the third medical review and that it was now sending her file for a vocational review.

27. In its letter dated August 23, New York Life did not explicitly ask for an extension of time, however it did say "[a]t the latest, we will contact you within 30 days."

28. In its August 23 letter, New York Life did not identify any special circumstances warranting an extension of time.

29. On August 26, 2022, Plaintiff faxed a letter to New York Life explaining that she did not consent to any further extensions by New York Life and that she expected it to follow ERISA's regulations and render a decision on or by September 5, 2022 or that she would "deem her administrative remedies exhausted and will proceed accordingly."

30. The Defendant has surpassed its deadline to issue a determination on Plaintiff's appeal.

31. To date, the Defendant has not issued a determination on Plaintiff's appeal.

32. Due to the facts alleged supra, Plaintiff's claim is "deemed denied."

33. The Plaintiff has exhausted the administrative remedies of the Plan.

34. The Defendant has violated the plain language of the Plan; 29 U.S.C. § 1133 (Claims procedure); and 29 U.S.C. § 1104 (fiduciary duties).

35. The Plaintiff is entitled to long-term disability benefits under the Plan, including past-due benefits; future benefits; pre-judgment interest; post-judgment interest and attorney's fees pursuant to ERISA.

36. The Plaintiff is entitled to these benefits because the benefits are permitted under the policy issued by the Defendant; the Plaintiff has satisfied all conditions precedent to be eligible to receive the benefits and Plaintiff has not waived or otherwise relinquished the entitlement to the benefits.

## RELIEF SOUGHT

The Plaintiff requests that this Court enter an Order declaring the following:

1. No deference be granted to the decision of the Defendants to deny benefits.

2. That the Plaintiff is entitled to long-term disability benefits under the Plan.

3. That the Plaintiff is entitled to payment of past-due long-term disability benefits and reinstatement to monthly benefits under The Plan.

4. That the Plaintiff is entitled to payment of pre- and post-judgment interest.

5. That the Plaintiff is entitled to payment of attorney's fees and costs.

Respectfully submitted,

*Tammi Hoggard*
By Counsel

_____/s/_____

Benjamin W. Glass, III | VSB #23152
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
703-591-9829 phone
703-783-0686 fax
Ben@BenGlassLaw.com
*Counsel for Plaintiff*